# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (DAYTON)

| | |
|---|---|
| ANGELA B.,[1] | : Case No. 1:23-cv-00188 |
| Plaintiff, | : |
| vs. | : Magistrate Judge Caroline H. Gentry |
| | : (by full consent of the parties) |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : |
| Defendant. | : |

## DECISION AND ORDER

Plaintiff filed this lawsuit to seek review of a final decision of the Commissioner of Social Security ("Commissioner"). For the reasons set forth below, this Court REVERSES the Commissioner's decision and REMANDS for further proceedings.

## I. BACKGROUND

The Administrative Record ("AR") shows that Plaintiff filed an application for Disability Insurance Benefits in September 2017, in which she asserted that she has been under a disability since August 11, 2017. (AR, Doc. No. 8-5 at PageID 226.) Plaintiff's claim was denied initially and upon reconsideration. (AR, Doc. No. 8-3 at PageID 104-30.) After a hearing at Plaintiff's request, the Administrative Law Judge (ALJ) issued a partially favorable decision on April 24, 2020. ("Decision," Doc. No. 8-2 at PageID 37-

---

[1] *See* S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.").

55.) The ALJ concluded that Plaintiff was not under a "disability" as defined in the Social Security Act prior to January 12, 2018, but did become disabled on that date. (*Id.*) The Commissioner sent copies of the Decision to Plaintiff and her counsel. (AR, Doc. No. 8-2 at PageID 37-39.) Accompanying the Decision was a document titled "Notice of Decision – Partially Favorable." ("Notice of Decision," Doc. No. 8-2 at PageID 37-38.) The Notice explained Plaintiff's right to request a review of the Decision by the Appeals Council within sixty-five days of the date of the Notice.[2] (*Id.*) The Notice further advised Plaintiff that "[t]he Appeals Council will dismiss a late request unless you show you had a good reason for not filing it on time." (*Id.* at PageID 38.)

Over fifteen months later, on August 9, 2021, Plaintiff filed a request for review with the Appeals Council.[3] ("Request," Doc. No. 8-2 at PageID 33-36.) Plaintiff explained that she was filing the request because she had recently received a Notice dated July 3, 2021. (*Id.* at PageID 34.) Plaintiff stated that after waiting "months" for the April 2020 Decision (which had found her disabled as of January 12, 2018) to be processed, the Great Lakes Program Service Center "decided that [she] was not entitled to benefits." (*Id.*)[4] Plaintiff asked the Appeals Council to send her claim back to the ALJ to review the onset date of disability for purposes of determining the correct entitlement date. (*Id.*)

---

[2] The Notice of Decision stated in pertinent part: "You must file your written appeal within 60 days of the date you get this notice. The Appeals Council assumes you got this notice 5 days after the date of the notice unless you show you did not get it within the 5-day period." (Notice, Doc. No. 8-2 at PageID 38.)

[3] Plaintiff was represented at the hearing level by attorney Edna La Due. (Decision, Doc. No. 8-2 at PageID 40.) Ms. La Due filed the request for review on Plaintiff's behalf. (AR, Doc. No. 8-2 at PageID 33.)

[4] Although the July 3, 2021 Notice also indicates that Plaintiff reached full retirement age in July 2018 (Notice, Doc. No. 16-1 at PageID 1479), it is unclear whether Plaintiff has applied for retirement benefits.

After a significant delay, the Appeals Council issued an Order on February 15, 2023, in which it summarily dismissed Plaintiff's request. (AR, Doc. No. 8-2, PageID 27-32.) Without explaining its reasoning, the Appeals Council stated that "[t]he record does not show good cause for why the request was untimely filed." (*Id*. at PageID 30.)

In her Statement of Errors, which she filed without the assistance of counsel. Plaintiff states that "[t]here was an error when Social Security determined [she is] not disabled" as the ALJ had previously "approved [her] case." ("SE," Doc. No. 11 at PageID 1446-47.) The Commissioner argues that the Appeals Council did not abuse its discretion by dismissing Plaintiff's request for review. ("Mem. in Opp.," Doc. No. 13.)

Because the administrative record did not contain the July 3, 2021 Notice, the Court directed the Commissioner to supplement the record. ("Order to Supplement," Doc. No. 15.) The Commissioner filed a Response ("Response," Doc. No. 16) that attached the Notice ("Notice," Doc. No. 16-1) and argued that it is "unrelated" to Plaintiff's request for review of the ALJ's April 2020 decision. (Response, Doc. No. 16 at PageID 1475.)

II. **STANDARD OF REVIEW**

When the Appeals Council dismisses a request for review of an ALJ's decision on the grounds that it is untimely, the dismissal is a final decision under 42 U.S.C. § 405(g) that is subject to judicial review. *Smith v. Berryhill*, 587 U.S. 471, 481-89 (2019). The standard of review for such a decision is "abuse of discretion as to the overall conclusion, and 'substantial evidence' 'as to any fact.'" *Id.* at 487, n.19. Additionally, "in an ordinary case, a court should restrict its review to the procedural ground that was the basis for the

3

Appeals Council dismissal and (if necessary) allow the agency to address any residual substantive questions in the first instance." *Id.* at 488.

### III.   ANALYSIS

#### A.   Applicable Law.

A claimant may request Appeals Council review of an ALJ's hearing decision by filing a written request within sixty-five days of the date listed on the Notice of Decision. *See* 20 C.F.R. § 404.968(a)(1) (stating that a request for review must be filed "[w]ithin 60 days after the date you receive notice of the hearing decision"); 20 C.F.R. § 404.901 (defining the "date you receive notice" as five days after the date listed on the notice, unless the claimant can show she did not receive the notice within that five-day period).

A claimant may request an extension of the sixty-five-day period by filing a request in writing that explains why the request for review was not filed within the required time period. 20 C.F.R. § 404.968(b). The Commissioner will grant the extension only if a claimant shows good cause for missing the deadline. *Id.* When determining whether a claimant had good cause for missing a deadline to request review, the Commissioner shall consider: 1) the circumstances that kept the claimant from making the request on time; 2) whether the Commissioner's actions misled the claimant; 3) whether the claimant understood the requirements of the Act, because of "amendments to the act, other legislation, or court decisions"; and 4) whether the claimant had any "physical, mental, educational, or linguistic limitations" that prevented the claimant from "filing a timely request or from understanding or knowing about the need to file a timely request for review." 20 C.F.R. § 404.911(a).

4

> **B. The Appeals Council Abused Its Discretion By Dismissing Plaintiff's Request For Review On The Grounds That It Was Untimely.**

The Court concludes that the Appeals Council abused its discretion when it found that Plaintiff did not show good cause for submitting her request for review after the sixty-five-day period had expired.

As an initial matter, the Court will address the Commissioner's contention that Plaintiff's Statement of Errors improperly seeks to challenge the ALJ's disability finding, rather than the Appeals Council's decision to dismiss her request for review. (Mem. in Opp., Doc. No. 13 at PageID 1453.) Plaintiff asserts in her Statement of Errors that "[t]here was an error when Social Security determined I am not disabled" as the ALJ had previously "approved [her] case." (SE, Doc. No. 11 at PageID 1446-47.) Although this statement could be interpreted as challenging the merits of the disability finding, it is not the only reasonable interpretation. Because Plaintiff's pro se status dictates a liberal interpretation of submissions in her favor, the Court does not find the Commissioner's argument to be well-taken. *See Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 396 n.1 (6th Cir. 2010). Instead, the Court will construe Plaintiff's Statement of Errors as challenging the Appeals Council's decision to dismiss her request for review as untimely, which is the sole issue reviewable by this Court at this time. *Smith*, 587 U.S. at 488.

Turning to the merits, the Commissioner argues that the Appeals Council did not abuse its discretion when it dismissed Plaintiff's request for review as untimely. (Mem. in Opp., Doc. No. 13 at PageID 1453, 1455-58.) The Commissioner notes that Plaintiff did not file the request until well over a year after the Decision had been issued. (*Id.* at

5

PageID 1457.) The Commissioner asserts that its mailings of the Decision were not returned as undeliverable. (*Id.*) The Commissioner also contends that the Appeals Council did not abuse its discretion when it concluded that Plaintiff failed to show good cause for her request of an extension of the deadline to file her request for review. (*Id.*)

As explained above, the ALJ issued a partially-favorable Decision on April 24, 2020, in which he concluded that Plaintiff was disabled beginning on January 12, 2018. (Decision, Doc. No. 8-2 at PageID 49-50.) After Plaintiff received that Decision, it was reasonable for her to believe that she was entitled to receive, and would in fact receive, disability benefits. But after waiting "months . . . for this claim to be processed," Plaintiff received the shocking news that she was not, in fact, entitled to receive benefits. (AR, Doc. No. 8-2 at PageID 34.) The Notice issued on July 3, 2021, states in part:

> ***We have determined that you are not entitled to disability benefits.*** To receive disability benefits, a person must be disabled at least five full calendar months before reaching full retirement age. The [ALJ] gave January 12, 2018 as the date you became disabled. According to our records, your full retirement age is 66. You attained your full retirement age in July 2018. Since January 12, 2018 is the date, [sic] you became disabled and you reached full retirement age in July 2018, you are not entitled to disability benefits.

(Notice, Doc. No. 16-1 at PageID 1479 (emphasis added).)

After learning *for the first time* that the Commissioner had completely reversed course and denied her application for benefits because of an apparent mistake in the ALJ's April 2020 Decision, Plaintiff sought review only thirty-seven days after receiving the Notice. (AR, Doc. No. 8-2 at PageID 35.) She explained: "As there seems to be a month difference in my entitlement date, I would request that this claim be sent back to

6

the ALJ who determined this case to review the onset date for disability." (*Id.* at PageID 34.) The Appeals Council abused its discretion by summarily concluding that this issue—which Plaintiff could not have known about earlier—did not constitute good cause.

The Commissioner argues that the July 3, 2021 Notice is "unrelated to an earlier request for review of the ALJ's April 2020 decision." (Response, Doc. No. 16 at PageID 1475.) The Court disagrees. Before Plaintiff received the July 3, 2021 Notice, Plaintiff had no reason to believe that the Commissioner would deny her application for benefits. The April 2020 Decision certainly did not notify her of that fact. To the contrary, it ***explicitly informed Plaintiff that she was entitled to benefits.*** Plaintiff did not receive notice that her application had been denied until July 3, 2021—at which time she was further informed that she was not entitled to benefits because of an apparent mistake in the April 2020 Decision. It is wholly unreasonable to expect Plaintiff to have predicted in April 2020 that the Commissioner's favorable decision would, after more than a year, transform into an unfavorable decision based on an issue that no one raised or addressed at the time,[5] and therefore file a (premature) appeal within sixty-five days of the date of that favorable decision. Simply put, the Commissioner's actions in first granting and then (what amounted to) denying Plaintiff's application for benefits had the "effect of an

---

[5] The ALJ only explained in the April 2020 Decision that Plaintiff needed to establish disability by June 30, 2018, which was her date last insured for non-blind disability, in order to be entitled to disability insurance benefits. (Decision, Doc. No. 8-2 at PageID 41.) The ALJ explained that the insured status requirements for disability based upon blindness were met because he found Plaintiff disabled as of January 12, 2018. (*Id.*) Neither the ALJ's decision nor the Notice of Decision that accompanied it mentioned any additional entitlement requirements related to Plaintiff's retirement age, much less asserted that she did not meet those requirements. (*See generally* Notice of Decision, AR, Doc. No. 8-2 at PageID 37-39; Decision, Doc. No. 8-2 at PageID 40-50.)

7

unfair bureaucratic bait-and-switch." *Casey v. Berryhill*, 853 F.3d 322, 324 (7th Cir. 2017).

The Appeals Council did not acknowledge, much less address, the effect of the July 3, 2021 Notice when it summarily concluded that Plaintiff failed to show good cause to extend the deadline to file her request for review of the ALJ's decision. (AR, Doc. No. 8-2 at PageID 30.) The Court finds that under these circumstances, the Appeals Council abused its discretion by dismissing Plaintiff's request for review as untimely and concluding that Plaintiff had not shown good cause to extend the filing deadline. Accordingly, the Court **REMANDS** this case to the Appeals Council for a decision on the merits of Plaintiff's request for review.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Statement of Errors (Doc. No. 11) is GRANTED;

2. The Court REVERSES the final decision of the Commissioner;

3. This matter is REMANDED to the Social Security Administration under Sentence Four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Order; and

4. This case is terminated on the Court's docket.

*s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge